FILED

2018 JAN 25 PM 3:52

U.S. DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DONALD DE LA HAYE,<br><br>*Plaintiff,*<br><br>v.<br><br>JOHN C. HITT, in his official capacity as President of the University of Central Florida; DANIEL J. WHITE, in his official capacity as Vice President and Director of Athletics of the University of Central Florida; A. DALE WHITTAKER, in his official capacity as Provost and Vice President for Academic Affairs of the University of Central Florida; MARIBETH EHASZ, in her official capacity as Vice President for Student Development and Enrollment Services of the University of Central Florida; and MARCOS R. MARCHENA, ROBERT A. GARVY, KEN BRADLEY, CLARENCE H. BROWN III, JOSEPH CONTE, NICK LARKINS, JOHN LORD, ALEX MARTINS, BEVERLY J. SEAY, WILLIAM SELF, JOHN SPROULS, DAVID WALSH, AND WILLIAM YEARGIN, in their official capacities as members of the Board of Trustees of the University of Central Florida,<br><br>*Defendants.* | 6:18-cv-135-ORL-22GJK<br><br>CIVIL ACTION NO. _____<br><br>JUDGE _____<br><br>MAGISTRATE JUDGE _____<br><br>**Jury Trial Demanded** |

**VERIFIED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is an action for declaratory judgment and permanent injunctive

1

relief under 42 U.S.C. § 1983 arising from the unconstitutional policies and practices of the University of Central Florida ("UCF"), a state university.

2. Due to UCF's policies, practices, or customs, Plaintiff Donald De La Haye, a former student-athlete at UCF, has suffered and will continue to suffer irreparable harm to his rights under the First and Fourteenth Amendments to the United States Constitution. The harm may only be remedied by a ruling from this Court.

3. UCF removed De La Haye from the football team and rescinded his athletic scholarship because he exercised his constitutional right to free speech under the First Amendment to the U.S. Constitution by receiving ad revenue for videos posted to his social media accounts.

4. By maintaining, implementing, and enforcing policies that restrict students from engaging in constitutionally protected expressive activity off campus, Defendants have impeded and will continue to impede the constitutional rights of De La Haye and other student-athletes.

## PARTIES

1. Prior to UCF's actions in this case, Plaintiff Donald De La Haye was a student at UCF and scholarship student-athlete on the UCF football team. De La Haye is a citizen of the United States and a resident of the State of Florida.

2. Defendant John C. Hitt is sued in his official capacity as President of UCF. He is appointed by the UCF Board of Trustees and is its chief executive

officer. Based on information and belief, his duties include the general administration of all university activities.

3. Defendant Daniel D. White is sued in his official capacity as Vice President and Director of Athletics of UCF. Based on information and belief, as part of his official duties and responsibilities at UCF, Defendant White implements or enforces the unconstitutional policies, practices, or customs of UCF described herein.

4. Defendant A. Dale Whittaker, in his official capacity as Provost and Vice President for Academic Affairs of UCF. Based on information and belief, as part of his official duties and responsibilities at UCF, Defendant Whittaker implements or enforces the unconstitutional policies, practices, or customs of UCF described herein.

5. Defendant Maribeth Ehasz, in her official capacity as Vice President for Student Development and Enrollment Services of UCF. Based on information and belief, as part of her official duties and responsibilities at UCF, Defendant Ehasz implements or enforces the unconstitutional policies, practices, or customs of UCF described herein.

6. Defendants Marcos R. Marchena, Robert A. Garvy, Ken Bradley, Clarence H. Brown III, Joseph Conte, Nick Larkins, John Lord, Alex Martins, Beverly J. Seay, William Self, John Sprouls, David Walsh, and William Yeargin are sued in their official capacities as members of the UCF Board of Trustees. The

Board of Trustees is the public body corporate of UCF. *See* Fla. Stat. § 1001.72(1). It sets UCF's policy, serves as its legal owner and final authority, and "has authority for policies related to students, enrollment of students, student records, student activities, financial assistance, and other student services." *Id.* at § 1001.64(8).

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this action arises under the First and Fourteenth Amendments to the United States Constitution; under 28 U.S.C. § 1343(a)(3), in that it is brought to redress deprivations, under color of state law, of rights, privileges, and immunities secured by the United States Constitution; under 28 U.S.C. § 1343(a)(4), in that it seeks to secure equitable relief under an Act of Congress, specifically 42 U.S.C. § 1983, which provides a cause of action for the protection of civil and constitutional rights; under 28 U.S.C. § 2201, to secure declaratory relief; under 28 U.S.C. § 2202 to secure permanent injunctive relief; and under 42 U.S.C. § 1988, to award attorneys' fees.

8.  Venue is proper within this judicial district and division pursuant to 28 U.S.C. § 1391(b) because, upon information and belief, all Defendants are situated within this judicial district and division, and all the claims asserted by Plaintiff arose within this judicial district and division.

## **FACTS**

9. Donald De La Haye is a former kicker on UCF's football team. He played in all 13 games in the 2016 season.

10. De La Haye received an athletic scholarship to attend UCF, matriculating in the Fall 2015 semester.

11. De La Haye relied on that scholarship as the sole means to finance his education. De La Haye forfeited other educational and athletic opportunities in reliance on his admission to UCF and his receipt of an athletic scholarship.

12. De La Haye majored in pre-marketing at UCF. He is interested in a marketing career.

13. Like most students, De La Haye is also a social media user. De La Haye has been making and posting videos on his social media platforms since he was twelve years old, and long before his enrollment at UCF or placement on the football team.

14. As early as 2011, De La Haye created several YouTube channels where he posted videos he created.

15. On June 5, 2015, prior to his enrollment at UCF, De La Haye created a YouTube channel called "Deestroying." He regularly posted videos to this account.

16. De La Haye creates content on his YouTube channel and his other social media platforms on his own time and at his own expense.

17. De La Haye's videos are mostly autobiographical, consisting primarily of entertaining videos documenting his daily life, including as a student-athlete, and providing commentary on current events, sports, and popular culture.

18. Because of his entertaining and insightful posts and comments, De La Haye has built a strong following on major social media sites, including YouTube (currently over 500,000 subscribers) and Instagram (currently almost 85,000 followers).

19. De La Haye has had a significant following on social media platforms for many years, including prior to his admission to UCF.

20. UCF has recognized that De La Haye acquired his following on YouTube and other social media platforms because of his creativity and film-making talent rather than as a result of his student-athlete status.

21. Like all social media users, De La Haye uses his image, name, and physical and intellectual attributes to communicate with his friends and followers.

22. None of De La Haye's posts or videos on social media were ever deemed inappropriate or offensive by UCF or any social media platform.

23. UCF never alleged that De La Haye's social media communications caused disruption to or brought disfavor on UCF or its activities.

24. De La Haye's social media postings were related to his interest in pursuing a career in social media marketing and film.

25. De La Haye has never been disciplined by UCF for any academic,

athletic, or personal misconduct of any kind.

26. On or about July 31, 2017, UCF summarily kicked De La Haye off the football team and rescinded his scholarship.

27. UCF's action was purportedly taken to comply with various rules of the National Collegiate Athletic Association ("NCAA"), a voluntary association that provides overlapping governance of student athletics for member universities, including UCF.

28. UCF is not forced to be a member of the NCAA, and UCF may withdraw from it at any time.

29. The NCAA has no authority over student admission or scholarship determinations of UCF.

30. NCAA rules broadly prohibit student expression, including when a student receives compensation in connection with a use of the student's name, image, appearance, or physical attributes. *See* NCAA by-law 12.4.4 ("Self-Employment. A student-athlete may establish his or her own business, provided the student-athlete's name, photograph, appearance or athletics reputation are not used to promote the business."), http://www.ncaapublications.com/productdownloads/D110.pdf (the "NCAA Rule").

31. Because of De La Haye's broad following on social media, he received modest compensation from YouTube for his original video content (known as "monetization") on his "Deestroying" YouTube page.

32. As a result of De La Haye's receipt of these payments from his social media postings, UCF determined that he violated the NCAA Rule and deemed him ineligible to be a member of UCF's football team.

33. UCF rescinded De La Haye's scholarship solely because of his social media postings and his receipt of revenue from those postings.

34. Prior to UCF rescinding De La Haye's scholarship, De La Haye offered to "demonetize" videos on his ""Deestroying" YouTube page that referenced his status as a student-athlete or depicted his skills as a football player.

35. UCF denied De La Haye's offer to demonetize the videos that referenced his status as a student-athlete or depicted his skills as a football player, claiming De La Haye could post no videos on his "Deestroying" YouTube page that referenced his status as a student-athlete or depicted his skills as a football player if the page also contained "monetized" videos without those depictions.

36. For example, UCF informed De La Haye that he could not post a video to his account of himself standing on a beach throwing a football to his girlfriend if "monetized" videos were also on the same page.

37. Prior to UCF rescinding De La Haye's scholarship, De La Haye's coach recommended that De La Haye's scholarship be renewed for the 2017-18 academic year.

38. UCF's actions were explicitly based on the content of his speech.

39. The removal of De La Haye from the football team and the rescission

of his scholarship were based exclusively on disapproval of the content of De La Haye's speech.

## COUNT I
### VIOLATION OF THE RIGHT TO FREE SPEECH UNDER THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
### (42 U.S.C. § 1983)

40. De La Haye incorporates the allegations in the foregoing paragraphs as if set forth fully herein.

41. The policies, practices, or customs of UCF, as implementing the NCAA Rule by Defendants, are overly broad, not content neutral, not narrowly tailored to serve compelling governmental interests, and do not leave open ample alternative channels of communication.

42. UCF has an obligation to respect the constitutional rights of its students, including De La Haye.

43. De La Haye has a First Amendment right to engage in free speech both on and off campus, including a right to communicate on social media platforms.

44. UCF's decision to rescind De La Haye's athletic scholarship was an adverse action taken by UCF solely because De La Haye communicated on social media platforms and received modest compensation for those communications.

45. UCF's decision to take adverse action against De La Haye for his social media communications was based on the content of those communications,

including De La Haye's references to his life as a student-athlete.

46. As a proximate consequence of Defendants' actions, De La Haye has been irreparably injured, and will continue to be irreparably injured as UCF continues to withhold his scholarship.

47. As a direct result of the Defendants' continued violation of De La Haye's constitutional rights, he is now being and will continue to be denied his athletic scholarship and his place on UCF's football team. He has also lost his ability to receive his education from UCF under the athletic scholarship he earned through his athletic talents.

## COUNT II
## VIOLATION OF THE SUBSTANTIVE RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
## (42 U.S.C. § 1983)

48. De La Haye incorporates the allegations in the foregoing paragraphs as if set forth fully herein.

49. De La Haye had a vested and constitutionally protected property interest in his athletic scholarship.

50. UCF rescinded De La Haye's scholarship, resulting in his inability to continue his education at UCF.

51. De La Haye's continued receipt of his scholarship must be free from arbitrary state action.

52. The rescission of De La Haye's scholarship was arbitrary,

unreasonable, and not reasonably related to a legitimate government interest because it was unrelated to his academic status, disciplinary standing, or athletic performance.

53. The arbitrary rescission of De La Haye's scholarship violates his substantive due process rights under the Due Process Clause of the Fourteenth Amendment.

## PRAYER FOR RELIEF

In order to prevent further violation of Plaintiff's constitutional rights by Defendants, it is appropriate and proper that a declaratory judgment be issued, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declaring unconstitutional UCF's policies, practices, or customs as applied to De La Haye.

Furthermore, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 65, it is appropriate and hereby requested that the Court issue a permanent injunction prohibiting UCF from enforcing its restrictions on De La Haye's off-campus expressive activities to the extent they are unconstitutional, and requiring an order to prevent the ongoing violation of Plaintiff's constitutional rights.

WHEREFORE, De La Haye prays for judgment against UCF and that the Court:

(1) declare that UCF's policies, practices, or customs of relying on the NCAA Rule in taking adverse actions against De La Haye based on the content of his speech is unconstitutional because it violates his right to freedom of speech

and due process of law guaranteed by the First and Fourteenth Amendments to the United States Constitution;

(2) issue a permanent injunction against UCF and all agents, administrators, employees, or other persons acting on behalf of UCF, from enforcing the NCAA Policy against De La Haye and reinstating his scholarship eligibility and all consequences flowing therefrom;

(3) award De La Haye his costs and expenses incurred in bringing this action, including reasonable attorney fees pursuant to 42 U.S.C. § 1988; and

(4) grant such other and further relief as the Court deems equitable, just, and proper.

Respectfully Submitted,

/s/ Brian Hoops
BRIAN HOOPS
ROETZEL & ANDRESS, LPA
2320 First St., Suite 1000
Ft. Myers, FL 33901
(239) 338-4252
(239) 337-0970 (fax)
bhoops@ralaw.com

/s/ Jonathan Riches
*JONATHAN RICHES
*MATT MILLER
**Trial Counsel**
Scharf-Norton Center for
Constitutional Litigation at the
GOLDWATER INSTITUTE
500 E. Coronado Rd.
Phoenix, Arizona 85004
(602) 462-5000
(602) 256-7045 (fax)
litigation@goldwaterinstitute.org

litigation@goldwaterinstitute.org

*ROBERT HENNEKE
Texas Bar No. 24046058
*RYAN D. WALTERS
Texas Bar No. 24105085
TEXAS PUBLIC POLICY
FOUNDATION
Center for the American Future
901 Congress Avenue
Austin, TX 78701
(512) 472-2700
(512) 472-2728 (fax)
rhenneke@texaspolicy.com
rwalters@texaspolicy.com

*Attorneys for Plaintiff
Donald De La Haye*

\* *Application for admission
pro hac vice pending*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Donald De La Haye, declare the following:

1. I have personal knowledge of the matters alleged in the Complaint.

2. The allegations contained herein are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __ day of January, 2018.

_____
Donald De La Haye