**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DONALD DE LA HAYE,

      Plaintiff,

vs.                                                Case No. 6:18-cv-135-ORL-22GJK

JOHN C. HITT; DANIEL J. WHITE; A. DALE WHITTAKER; MARIBETH EHASZ; MARCOS R. MARCHENA; ROBERT A. GARVY; KEN BRADLEY; CLARENCE H BROWN, III; JOSEPH CONTE; NICK LARKINS; JOHN LORD; ALEX MARTINS; BEVERLY J. SEAY; WILLIAM SELF; JOHN SPROULS; DAVID WALSH; and WILLIAM YEARGIN,

      Defendants.
_____/

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting]** | 4/13/18 |
| **Certificate of Interested Persons and Corporate Disclosure Statement [each party who has not previously filed must file immediately]** | Completed |
| **Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting]** | 5/11/18 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Disclosure of Expert Reports**     Plaintiff:     Defendant:<br>[Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | 9/14/18<br>10/12/18 |
| **Discovery Deadline**<br>[Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | 11/9/18 |
| **Dispositive Motions, *Daubert,* and *Markman* Motions**<br>[Court requires 5 months or more before trial term begins] | 12/7/18 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**<br>[Court recommends 6 weeks before Trial | 3/20/19 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs** | 4/3/19 |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | 5/1/19 |
| **Estimated Length of Trial [trial days]** | 3-5 |
| **Jury / Non-Jury** | Jury |

| **DEADLINE OR EVENT** | | **AGREED DATE** |
|---|---|---|
| **Mediation**<br><br><br><br><br>**[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline]** | Deadline:<br>Mediator:<br>Address:<br><br><br><br><br>Telephone: | 12/21/18<br>Emery Rosenbluth<br>174 West Comstock Av., Suite 106, Winter Park, FL 32789<br>407-740-6199 |
| **All Parties Consent to Proceed Before Magistrate Judge** | | Yes____<br>No__X__<br>**Likely to Agree in Future _____** |

I.   Meeting of Parties via Telephone pursuant to Court's Order dated 3/2/18 (Doc. 39).

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held via telephone on March 12, 2018 at 4:00 p.m. EST and was attended by:

| Name | Counsel for |
|---|---|
| Rick Mitchell, Esq. | Defendants |
| Jonathan Riches, Esq. | Plaintiff |
| Brian Hoops, Esq. | Plaintiff |
| Matt Miller, Esq. | Plaintiff |
| Robert Henneke, Esq. | Plaintiff |
| Ryan Walters, Esq. | Plaintiff |

II.   **Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by

3

the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ____ have exchanged __X__ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) on: <u>April 13, 2018</u> (date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further discussed in Section III below.

### III.    Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

____ no party anticipates the disclosure or discovery of ESI in this case;

__X__  one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:

**A.     The form or forms in which ESI should be produced.**

The term "ESI" refers to Electronically Stored Information, which includes, but is not limited to, word-processing documents; spreadsheets; presentation documents; graphics; animations; images; e-mail (including attachments which shall be kept with the e-mail); instant messages; text messages; voice mail; audio, video and audiovisual recordings; databases and database subsets; and other user, or machine created, digital information which is stored on computer networks, servers, computer systems, desktop computers, laptop computers, home computers, the Internet, an Intranet, archives, discs, CD's, diskettes, drives, tapes, cartridges, flash drives, and other external storage media, personal digital assistants, handheld wireless devices, cellular telephones, Blackberries, pagers, and voicemail systems.

Electronic documents shall be produced in their native format, as kept in the normal course of business. Native files can also be produced in a "file by file" format, with accompanying metadata in a Concordance delimited .DAT file. Examples of this are .msg, .eml, .doc, .xls, etc. Each native file should be named after the corresponding control number, and the following metadata fields available ( BegDoc, EndDoc, ParentID, AttachIDs, To, From, CC, BCC, Subject, Author, Recipient(s), DateSent, DateReceived, DateCreated, DateModified, FileType, OriginalPath, OriginalFileName, and Hash Value) included in a Concordance delimited .DAT file.

Produced PDFs will be in the form of one, searchable PDF file per document, multi-page as applicable (Produced PDFs).

(a) A PDF produced as a Paginated Document will not be encrypted, or otherwise include settings to impair searchability, copying or printing. Embedded images will not be reduced or below 300 dpi.

(b) TIFF images produced as Paginated Documents will be in the form of single-page Tagged Image File Format images (Produced TIFFs or .tif files) and shall be saved and produced in the Group 4 compression single-page TIFF format. Each of the Produced TIFF files will be accompanied with a corresponding text file (.txt files) containing extracted or OCR text.

(c) All Produced PDFs and Produced TIFFs generated from hard copy documents shall be scanned at 300 dpi resolution.

(d) All Paginated Documents shall reflect, to the extent practicable, without visual degradation, the full and complete information contained on the original document.

(e) A PDF or TIFF placeholder will be generated for any file that cannot be converted as a Paginated Document. In each case a corresponding native document will be produced, subject to withholding for privilege or work-product.

(f) Documents that contain color in a manner material to the meaning or understanding of the document, shall be produced as a Paginated Document in color. If a party is producing Paginated Documents as Produced PDFs, then the Produced PDF conversion settings will include settings that preserve color to the extent practicable. If a party is producing Paginated Documents as Produced TIFFs, then the producing party shall also produce color PDFs for such Paginated Documents, or substitute color PNG or JPG images for TIFF Images.

Imaged electronic documents shall be produced in single page tiff format in which each page is named after the assigned Bates/Control Number, with corresponding document level OCR. The image load file shall be in Concordance Opticon (.OPT) format with accompanying metadata produced in a

Concordance delimited .DAT file with the following metadata fields available (BegDoc, EndDoc, ParentID, AttachIDs, To, From, CC, BCC, Subject, Author, Recipient(s), DateSent, DateReceived, DateCreated, DateModified, FileType, OriginalPath, OriginalFileName, PgCount and Hash Value). If native documents are included, (Excel, Database, non-imaged files), the relative path to the native file shall be included in the .DAT file.

Imaged paper files shall be produced in single-page, Group 4 tiff format (@300 dpi), and each page is named after the assigned Bates/Control Number, with corresponding document level OCR. A load file in Concordance Opticon (.OPT) format shall be provided. Files shall be produced at the document level by staples, paper clips, binder clips, or in any other reasonable order. Fields to be included in Imaged Paper productions include BegDoc, EndDoc, PgCount, and any identifying information such as box number, folder headings, etc.

**B.** Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

**C.** Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

**D.** The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

**E.** The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

**F.** Any issues relating to preservation of discoverable ESI.

**G.** Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502. If the parties agree that a protective

order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

      H.      Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and , if so, summarize the parties' positions on each:  <u>None at this time.</u>

If there are disputed issues specified above, or elsewhere in this report, then (check one):

\_\_\_   one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.

<u> X </u>   all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**IV.**    **Agreed Discovery Plan for Plaintiffs and Defendants**

    **A.**    **Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, nonparty movant, and Rule 69 garnishee to file and serve a Certificate of Interested

7

Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__X__ Yes

_____ No  Amended Certificate will be filed by _____ (party) on or before _____ date).

### B. Discovery Not Filed —

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

1. The Parties shall serve all discovery requests (interrogatories, requests to produce, and requests for admissions) by email, and will provide a copy of the written discovery requests in Microsoft Word format in addition to any PDF copy of the written discovery requests provided.

2. Service of written discovery responses will be by email. Documents, including electronic discovery, will be produced in conformance with Section III(A), supra.

3. Responses to interrogatories, requests to produce, and requests for admissions will include the question posed followed by the response.

### C. Limits on Discovery —

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including subparts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions:  No further agreements.
2. Interrogatories:  No further agreements.
3. Document Requests:  No further agreements.
4. Requests to Admit:  No further agreements.
5. Supplementation of Discovery:  No further agreements.

**D.    Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: No further agreements.

**E.    Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony: No further agreements.

### F. Confidentiality Agreements —

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal

without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

The Parties agree that, as necessary, they will seek to protect confidential documents and information through confidentiality agreements entered into between counsel for the Parties.

G. **Other Matters Regarding Discovery —**

Pursuant to the Family Educational and Privacy Rights Act ("FERPA"), 20 U.S.C. § 1232g, *et seq.* and its implementing regulations, the parties will redact documents produced in discovery to protect confidential student-identifying information, and the non-redacting party reserves the right to challenge any such redactions.

IV. **Settlement and Alternative Dispute Resolution.**

A. **Settlement —**
The parties agree that settlement is

_____ likely **X** **unlikely** (check one)

The parties request a settlement conference before a United States Magistrate Judge. ___ yes ___ no __X__ likely to request in future

B. **Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

___ yes __X__ no ___ likely to agree in future

___ Binding ___ Non-Binding

11

C. **Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

D. **Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution: Communications between counsel pursuant to Fed. R. Evid. 408.

Respectfully submitted this ___ day of March, 2018.

/s/ *Brian Hoops*
BRIAN HOOPS, ESQ.
Florida Bar No.: 123840
bhoops@ralaw.com
ROETZEL & ANDRESS, LPA
2320 First St., Suite 1000
Ft. Myers, FL 33901
(239) 338-4252 Telephone
(239) 337-0970 Facsimile

/s/ *Jonathan Riches, Esq.*
JONATHAN RICHES, ESQ.
AZ Bar No.: 025712
MATT MILLER, ESQ.
AZ Bar No.: 033951
Trial Counsel
Scharf-Norton Center for
Constitutional Litigation at the
GOLDWATER INSTITUTE
500 E. Coronado Rd.
Phoenix, AZ 85004
(602) 462-5000 Telephone
(602) 256-7045 Facsimile

/s/ *Richard E. Mitchell*
RICHARD E. MITCHELL, ESQ.
Lead Trial Counsel
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
ANDRE V. BARDOS, ESQ.
Florida Bar No.: 822671
andy.bardos@gray-robinson.com
JASON A. ZIMMERMAN, ESQ.
Florida Bar No.: 104392
jason.zimmerman@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068 (32802-3068)
Orlando, Florida 32801
(407) 843-8880 Telephone
(407) 244-5690 Facsimile
*Counsel for Defendants*

litigation@goldwaterinstitute.org

**/s/ *Robert Henneke, Esq.*** 
ROBERT HENNEKE, ESQ.
Texas Bar No.:  24046058
RYAN D. WALTERS, ESQ.
Texas Bar No.: 24105085
TEXAS PUBLIC POLICY FOUNDATION
Center for the American Future
901 Congress Avenue
Austin, TX 78701
(512) 472-2700 Telephone
(512) 472-2728 Facsimile

*Counsel for  Plaintiff*