# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

DONALD DE LA HAYE,

    Plaintiff,

v.                                         Case No. 6:18-cv-135-ORL-22GJK

DR. DALE WHITTAKER, *et al.*,[1]

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants respectfully submit this Answer and Affirmative Defenses to Plaintiff's Verified Complaint for Declaratory and Injunctive Relief, and as a general denial, Defendants deny all of Plaintiff's allegations, arguments, contentions, characterizations, implications, facts and conclusions not specifically and expressly admitted herein.

1. Admitted that Plaintiff seeks the referenced relief, but denied that Plaintiff states a viable claim upon which any such relief can be granted.

2. Admitted that Plaintiff is a former student-athlete at the University of Central Florida ("UCF"); otherwise, denied.

3. Admitted that Plaintiff voluntarily relinquished his annual grant-in-aid agreement for the 2017-2018 academic year. Admitted that Plaintiff received the referenced revenue in violation of the NCAA rules that he agreed to honor. Otherwise, denied.

---

[1] Dr. Whittaker has succeeded Dr. Hitt as President of the University of Central Florida and is therefore substituted in that capacity for Dr. Hitt pursuant to Fed. R. Civ. P. 25(d).

4. Denied.

## PARTIES[2]

1. Denied as to UCF's referenced—but unspecified—actions for lack of sufficient identification and knowledge. Otherwise, admitted.

2. Admitted that Plaintiff sued Dr. Hitt in his official capacity as UCF's President, but denied that Dr. Hitt presently serves as UCF's President. Otherwise, denied as framed.

3. Admitted that Plaintiff sues Mr. White in his official capacity as Vice President and Director of Athletics of UCF. Otherwise, denied.

4. Admitted that Plaintiff sued Dr. Whittaker in his official capacity as UCF's Provost and Vice President for Academic Affairs, but denied that Dr. Whittaker presently serves in that capacity. Otherwise, denied.

5. Admitted that Plaintiff sues Dr. Ehasz in her official capacity as Vice President for Student Development and Enrollment Services of UCF. Otherwise, denied.

6. Admitted that Plaintiff sues the referenced individuals in their official capacities as members of the UCF Board of Trustees, which is a public body corporate. Admitted that Plaintiff cites to Fla. Stat. §§ 1001.72(1) and 1001.64(8), which speak for themselves. Otherwise, denied as framed.

## JURISDICTION AND VENUE

7. Admitted that Plaintiff seeks the referenced relief under the listed statutes, which speak for themselves, but denied that Plaintiff states a viable claim upon which

---

[2] Defendants' answer follows Plaintiff's numbering convention, which restarts at paragraph five.

any such relief can be granted. For the reasons stated in Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 43), denied that the Court has subject matter jurisdiction over this action.

8. Admitted that venue properly lies in this judicial district, but denied that Plaintiff states a viable claim upon which any requested relief can be granted.

9. Admitted.

10. Admitted that UCF awarded Plaintiff an annual athletic grant-in-aid agreement for the 2015-2016 academic year, and that he enrolled at UCF in the Fall 2015 semester. Otherwise, denied as framed.

11. Denied for lack of sufficient knowledge.

12. Admitted that Plaintiff declared "pre-marketing" as his major while enrolled at UCF. Otherwise, denied as framed and for lack of sufficient knowledge.

13. Admitted that Plaintiff is a social media user and posted videos on his social media platforms in the past. Otherwise, denied as framed and for lack of sufficient knowledge.

14. Admitted that Plaintiff created several YouTube channels and posted videos thereon. Otherwise, denied as framed and for lack of sufficient knowledge.

15. Admitted that Plaintiff created a YouTube channel called "Deestroying" and has posted videos thereon. Otherwise, denied as framed and for lack of sufficient knowledge.

16. Admitted that Plaintiff creates content on his YouTube channel and other social media platforms. Otherwise, denied as framed and for lack of sufficient knowledge.

17. Admitted that Plaintiff has posted videos documenting his daily life, including as a student-athlete. Otherwise, denied as framed and for lack of sufficient knowledge.

18. Admitted that Plaintiff has subscribers on his YouTube account and followers on his Instagram account. Otherwise, denied as framed and for lack of sufficient knowledge.

19. Admitted that Plaintiff has followers on his social media platforms. Otherwise, denied as framed and for lack of sufficient knowledge.

20. Denied as framed and for lack of sufficient knowledge.

21. Denied as framed and for lack of sufficient knowledge

22. Denied as framed and for lack of sufficient knowledge.

23. Denied as framed and for lack of sufficient knowledge.

24. Denied as framed and for lack of sufficient knowledge.

25. Admitted.

26. Admitted that UCF cancelled Plaintiff's athletics grant-in-aid award for the 2017-2018 academic year due to Plaintiff's refusal to comply with all NCAA rules, which was a material violation of his grant-in-aid award. Otherwise, denied as framed.

27. Admitted that UCF cancelled Plaintiff's athletics grant-in-aid award for the 2017-2018 academic year due to Plaintiff's refusal to comply with all NCAA rules, which was a material and mandatory condition of his grant-in-aid award. Admitted the NCAA is an association that provides governance of student athletics for member universities, including UCF. Otherwise, denied as framed.

28. Admitted that UCF cannot maintain an intercollegiate football team without being a member institution of the NCAA and complying with all NCAA rules. Otherwise, denied as framed.

29. Admitted that UCF's student-athletes are required to comply with all applicable UCF and NCAA rules. Otherwise, denied as framed.

30. Admitted that Plaintiff cites NCAA Bylaw Article 12.4.4, which speaks for itself. Otherwise, denied as framed.

31. Admitted that Plaintiff received compensation by and through the monetization of his "Deestroying" YouTube page. Otherwise, denied as framed.

32. Admitted that Plaintiff rendered himself ineligible to be a UCF student-athlete by deciding to receive compensation by and through the monetization of his YouTube page. Otherwise, denied as framed.

33. Admitted that UCF cancelled Plaintiff's athletics grant-in-aid award for the 2017-2018 academic year due to Plaintiff's refusal to comply with the NCAA's amateurism rules, which was a material violation of his grant-in-aid award. Otherwise, denied as framed.

34. Denied that Plaintiff offered to remove from his monetized YouTube page all videos that referenced his status as a student-athlete or depicted his skills as a football player. Otherwise, denied as framed.

35. Admitted that the NCAA denied UCF's legislative relief waiver request to allow Plaintiff to maintain on his monetized YouTube page videos that reference his status as a student-athlete or depicted his skills as a football player, even if those specific videos were non-monetized. Otherwise, denied as framed.

36. Admitted that UCF informed Plaintiff that the NCAA denied UCF's legislative relief waiver request to allow Plaintiff to maintain on his monetized YouTube page videos that reference his status as a student-athlete or depicted his skills as a football player, even if those specific videos were non-monetized. Otherwise, denied as framed.

37. Admitted.

38. Denied.

39. Denied.

## COUNT ONE

40. Defendants incorporate and re-allege their responses in paragraphs 1 through 39, *supra*.

41. Denied.

42. Admitted that UCF respects the constitutional rights of its students.

43. Admitted that Plaintiff has rights under the First Amendment. Denied that UCF violated Plaintiff's rights. The remainder of this paragraph states legal conclusions to which no response is required.

44. Admitted that UCF cancelled Plaintiff's athletics grant-in-aid award for the 2017-2018 academic year due to Plaintiff's refusal to comply with the NCAA's amateurism rules, which was a material and explicit condition of his grant-in-aid award. Otherwise, denied as framed.

45. Denied.

46. Denied.

47. Admitted that UCF cancelled Plaintiff's athletics grant-in-aid award for the 2017-2018 academic year due to Plaintiff's refusal to comply with the NCAA's amateurism rules, which was a material and explicit condition of his grant-in-aid award. Otherwise, denied as framed.

## COUNT TWO

48—53. By Order dated July 10, 2018 (Doc. 60), the Court dismissed Count Two, and therefore no response is due to paragraphs 48 through 53.

## AFFIRMATIVE DEFENSES

Without admitting, acknowledging or assuming any burden of proof that Defendants would not otherwise bear, and reserving their rights to assert additional or amended affirmative defenses as appropriate, Defendants hereby assert the following affirmative defenses against Plaintiff's alleged claims:

1. Plaintiff fails to state a viable claim upon which relief can be granted.

2. Plaintiff's alleged claim is barred by the doctrine of waiver. Plaintiff agreed to comply with all NCAA rules as a material and mandatory condition of his grant-in-aid award, and then violated that condition and rendered himself ineligible to be a UCF student-athlete. UCF cancelled Plaintiff's athletics grant-in-aid award for the 2017-2018 academic year due to Plaintiff's refusal to comply with all NCAA rules.

3. Plaintiff's alleged claim is barred by the doctrine of consent. Plaintiff agreed to comply with all NCAA rules as a material and mandatory condition of his grant-in-aid award, and then violated that condition and rendered himself ineligible to be a UCF student-athlete. UCF cancelled Plaintiff's athletics grant-in-aid award for the 2017-2018 academic year due to Plaintiff's refusal to comply with all NCAA rules.

4. Plaintiff is the sole cause of his alleged harm.

5. No Defendant caused Plaintiff's alleged harm.

6. Plaintiff's alleged claim is barred for failure to join the NCAA as an indispensable party.

7. The NCAA's amateurism rules are content neutral, narrowly tailored to serve compelling governmental interests in the area of higher education, and leave open ample alternative channels of communication.

8. Plaintiff's alleged claim is barred by the doctrine of estoppel.

9. Plaintiff's alleged claim is barred by the doctrine of unclean hands.

10. Plaintiff's alleged claim is barred for lack of standing.

11. Plaintiff's alleged claim is barred by the Eleventh Amendment to the United States Constitution.

### REQUESTED RELIEF

**WHEREFORE**, Defendants respectfully request this Honorable Court to render a Final Judgment in favor of Defendants: (1) dismissing with prejudice Plaintiff's Complaint; (2) directing that Defendants shall go hence without day on Plaintiff's Complaint; (3) awarding Defendants their taxable costs against Plaintiff; and (4) awarding Defendants their attorneys' fees against Plaintiff pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 11, and inherent judicial powers.

Respectfully submitted this 24th day of July, 2018,

/s/ **Richard E. Mitchell**
Richard E. Mitchell, Esq.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
Andy Bardos, Esq.
Florida Bar No.: 822671
andy.bardos@gray-robinson.com

GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068 (32802-3068)
Orlando, Florida 32801
(407) 843-8880 Telephone
(407) 244-5690 Facsimile
*Lead Trial Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of July, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all registered users.

/s/ ***Richard E. Mitchell***
Richard E. Mitchell, Esq.
Florida Bar No.: 0168092
GrayRobinson, P.A.