UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONALD DE LA HAYE,

    Plaintiff,

vs.                                    Case No. 6:18-cv-135-ORL-22GJK

DR. DALE WHITTAKER, *et al.*,[1]

    Defendants.

_____/

## UCF'S MOTION TO COMPEL

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iv) and Local Rule 3.04, Defendants ("UCF") respectfully request an order from this Court compelling Plaintiff to produce documents responsive to Requests Nos. 2, 4, 6, 7, and 8 (the "Requests") of UCF's First Request for Production. UCF's Requests are attached as Exhibit "A," and Plaintiff's responses and objections are attached as Exhibit "B."

### SUMMARY OF ARGUMENT

In response to UCF's contention that Plaintiff had no standing to sue, Plaintiff argued that his financial inability to pay for his education at UCF without an athletic scholarship forced him to discontinue his education and now prevents his application for readmission to UCF. In denying UCF's motion to dismiss in part, this Court relied on Plaintiff's representations of financial inability and concluded that UCF's cancellation of Plaintiff's athletic scholarship denied Plaintiff the education he desires. *See* ECF No. 60 at 11, 13, 16–18, 20–21. UCF's Requests seek documents related to Plaintiff's financial

---

[1] Dr. Whittaker has succeeded Dr. Hitt as President of the University of Central Florida and is therefore substituted for Dr. Hitt pursuant to Federal Rule of Civil Procedure 25(d).

resources to evaluate Plaintiff's standing and the veracity of Plaintiff's representations regarding a matter of central relevance to the Court's ruling on UCF's motion to dismiss.

UCF's Requests are relevant to Plaintiff's asserted injury—an injury that Plaintiff will have to prove to establish his standing at later stages of this litigation. UCF expects that the requested documents will establish that Plaintiff has all along had the financial resources to pursue his education at UCF, and indeed that Plaintiff's financial resources have only increased—perhaps substantially—since UCF canceled his scholarship. UCF expects that the requested documents will establish that, contrary to his representations to the Court, Plaintiff left UCF, and has not sought readmission, not because he lacks financial resources, but because he simply has no desire to return to UCF. UCF further expects that the requested documents will show that its cancellation of Plaintiff's athletic scholarship did not and does not deny Plaintiff an education, and that Plaintiff has no standing to sue.

Plaintiff's objection, therefore, to the production of documents created since he left UCF denies UCF relevant information regarding Plaintiff's supposed present inability seek readmission to, and continue his education at UCF, and the "continuing, present adverse effects" that Plaintiff claims the cancellation of his scholarship caused him. ECF No. 60 at 13.

UCF therefore requests an Order overruling Plaintiff's objections and compelling Plaintiff to produce documents responsive to UCF's Requests.

## UCF's Discovery Requests & Plaintiff's Objections

| Request No. | Request for Production | Plaintiff's Objection |
|---|---|---|
| 2 | All data—including revenue reports—made available to you by YouTube or Google AdSense regarding the your YouTube channel, Deestroying—including revenue by video and by month, the number of views by video, and the number of subscribers at periods no less frequent than monthly. | OBJECTION: Plaintiff OBJECTS to UCF's Discovery on the grounds that said Discovery requests are irrelevant, immaterial or inadmissible information. The Discovery also contains personal and private financial information.<br><br>RESPONSE: Subject to the Objection and Preliminary Statement above, Plaintiff produced documents responsive to your request at Bates Number DLH00534–57. The documents contain records of revenue reports from the Deestroying YouTube channel for the period in which Plaintiff was enrolled as a student at UCF. |
| 4 | All contracts under which you have received income since May 1, 2017. | OBJECTION: Plaintiff OBJECTS to UCF's Discovery on the grounds that said Discovery requests are irrelevant, immaterial or inadmissible information. The Discovery also contains personal and private financial information. Plaintiff objects to this request as overbroad in that it is unlimited in time and seeks documents created after Plaintiff left UCF; Plaintiff limits his response to documents created while he was enrolled at UCF.<br><br>RESPONSE: Plaintiff has no responsive records for the period in which Plaintiff was enrolled as a student at UCF. |

| 6 | Documents sufficient to identify all sources from which you have received income since May 1, 2017. | OBJECTION: Plaintiff OBJECTS to UCF's Discovery on the grounds that said Discovery requests are irrelevant, immaterial or inadmissible information. The Discovery also contains personal and private financial information. Plaintiff objects to this request as overbroad in that it is unlimited in time and seeks documents created after Plaintiff left UCF; Plaintiff limits his response to documents created while he was enrolled at UCF.<br><br>RESPONSE: Plaintiff has provided responsive documents in response to Request for Production No. 2 for the period in which Plaintiff was enrolled as a student at UCF at Bates Number DLH 00534–57. |
|---|---|---|
| 7 | Documents sufficient to show your income by source since May 1, 2017. | OBJECTION: Plaintiff OBJECTS to UCF's Discovery on the grounds that said Discovery requests are irrelevant, immaterial or inadmissible information. The Discovery also contains personal and private financial information. Plaintiff objects to this request as overbroad in that it is unlimited in time and seeks documents created after Plaintiff left UCF; Plaintiff limits his response to documents created while he was enrolled at UCF.<br><br>RESPONSE: Plaintiff has provided responsive documents in response to Request for Production No. 2 for the period in which Plaintiff was enrolled as a student at UCF at Bates Number DLH 00534–57. |

| 8 | Your complete federal income tax return for 2017. | OBJECTION: Plaintiff OBJECTS to UCF's Discovery on the grounds that said Discovery requests are irrelevant, immaterial or inadmissible information. The Discovery also contains personal and private financial information. Plaintiff objects to this request as overbroad in that it is unlimited in time and seeks documents created after Plaintiff left UCF; Plaintiff limits his response to documents created while he was enrolled at UCF. |

## ARGUMENT

UCF's Requests are relevant to Plaintiff's asserted injury: that UCF's cancellation of his athletic scholarship prevented him, and continues to prevent him, from continuing his education at UCF, because he lacks the resources to finance his education without a scholarship.

In his complaint, Plaintiff alleged that he "relied on [his athletic] scholarship as the sole means to finance his education," ECF No. 1 ¶ 11, and that UCF's cancellation of that scholarship "result[ed] in his inability to continue his education at UCF," *id.* ¶ 50.

In its motion to dismiss, UCF challenged Plaintiff's standing, arguing that Plaintiff has neither suffered an injury nor alleged redressability, and that, as a former student who is no longer subject to policies that UCF enforces, Plaintiff has no standing to seek prospective relief. ECF No. 43 at 16–18, 20–21.

Plaintiff responded in a declaration that he "was forced to leave UCF because [his] scholarship aid was how [he] financed [his] college education," and that, "[i]f [his] scholarship eligibility were restored, [he] would immediately seek readmission to UCF." ECF No. 47-1 at 5 ¶¶ 21–22. He argued in his response that an "obvious consequence"

of the reinstatement of his scholarship would be that he "would seek and be readmitted to UCF. The only reason [he] left UCF is because he 'relied on that scholarship as the sole means to finance his education.'" ECF No. 47 at 6 (quoting ECF No. 1 ¶ 11). He further argued that his departure from UCF was an "involuntary decision" and that he "seeks to have his scholarship eligibility reinstated as the necessary predicate to his readmission to UCF." *Id.* He pointed to his sworn statement that, "if his scholarship eligibility is restored, he will 'immediately seek readmission to UCF.'" *Id.* (quoting ECF No. 47-1 ¶ 22).

In granting in part and denying in part UCF's motion to dismiss, this Court ruled that Plaintiff suffers the "continuing, present adverse effects" of UCF's cancellation of his scholarship. ECF No. 60 at 13. It relied on Plaintiff's alleged financial inability to continue his education without a scholarship, and Plaintiff's sworn assertion that he would seek readmission to UCF once his scholarship eligibility is restored. The Court explained that "Plaintiff has not graduated and is suffering the continuing, adverse [e]ffects of UCF's decision to deem him ineligible for football and cancel his scholarship. Plaintiff has submitted a declaration stating that he plans to return to UCF when his scholarship eligibility is restored." ECF No. 60 at 16. It further explained that "Plaintiff's plan is to return to UCF if the Court grants an injunction restoring his scholarship eligibility, <u>and his lack of his athletic scholarship is preventing him from attending UCF</u>. These factors weigh in favor of him having standing at this stage." *Id.* at 17 (emphasis supplied).

In finding standing, this Court relied extensively on Plaintiff's claims that, without a scholarship, he was and remains unable to pursue his education. *See, e.g., id.* at 13

("Plaintiff is suffering 'continuing, present adverse effects' as a result of UCF's alleged violation of his constitutional rights because he is now denied and will continue to be denied his athletic scholarship and his place on UCF's football team. As a result, Plaintiff alleges that he cannot continue his education at UCF." (citation omitted)); *id.* at 20 ("Clearly if the Court granted the injunctive and declaratory relief request by Plaintiff in this case, his injuries would be redressed. His scholarship eligibility would be restored and he would have the financial means to continue his education at UCF."); *id.* ("Although Plaintiff is not currently a UCF student, . . . he has clearly stated he will seek readmission to UCF upon the Court restoring his scholarship eligibility."); *id.* at 21 ("However, Plaintiff is seeking readmission to UCF upon the Court re-instating his scholarship eligibility . . . .").

Plaintiff relied on similar arguments in response to UCF's contention that the Eleventh Amendment bars the requested relief:

> The only reason that De La Haye is not attending UCF is because UCF unconstitutionally revoked his ability to pay his tuition by conditioning his access to a benefit on the content of his speech. Of course, UCF requires students to pay money, from whatever source, before being able to partake of its services. De La Haye will reenroll at UCF once he is eligible for scholarship.
>
> . . . .
>
> The ongoing injury in this case is plain: the continued denial of his scholarship eligibility prevents De La Haye from pursuing a college education that UCF promised him. As a result, prospective injunctive relief and a declaratory judgement that UCF acted unconstitutionally in this case are appropriate.

ECF No. 47 at 12–13. The Court noted Plaintiff's argument that "the only reason he is not enrolled is because UCF unconstitutionally revoked his scholarship," that Plaintiff "will re-enroll at UCF once he is deemed eligible for his scholarship," and that "the

continued denial of his scholarship eligibility prevents Plaintiff from pursuing a college education that UCF promised him." ECF No. 60 at 25. The Court again relied on these assertions, reasoning that "Plaintiff stated his intent to seek readmission once his scholarship eligibility is restored," and concluding that Plaintiff had accordingly alleged an ongoing violation of his constitutional rights, which rendered the requested relief prospective and consistent with the Eleventh Amendment. *Id.* at 31–32.

Because Plaintiff relies on an alleged lack of financial resources to establish his standing and to overcome an assertion of Eleventh Amendment immunity, UCF is entitled to inquire into his financial resources. When a party's financial means are relevant to an issue in litigation, financial records are discoverable. *See, e.g., Rail Trusts Locomotive Leasing, LLC v. SunCoke Energy, Inc.,* No. 3:15-cv-1112, 2016 WL 8929072, at *4 (M.D. Fla. Oct. 26, 2016) ("With respect to the request for Plaintiffs' financial records, a party's private, financial records are discoverable where they are 'relevant' pursuant to Rule 26." (citing *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997)); *Socas v. Nw. Mut. Life Ins. Co.*, No. 07-20336-CIV, 2008 WL 276069, at *2 (S.D. Fla. Jan. 31, 2008) (concluding that the plaintiff's financial records were discoverable because they were relevant to a disputed issues). Plaintiff's objections to UCF's Requests are therefore unfounded.

Plaintiff's attempt to limit production to records created while he was a student at UCF is improper. Plaintiff asserts that the continued denial of his scholarship denies him the means to attend UCF and prevents him from seeking readmission to UCF, and that he will seek readmission "immediately" upon reinstatement of his scholarship eligibility. *See* ECF No. 1 ¶¶ 11, 50; ECF No. 47 at 6, 12; ECF No. 47-1 ¶¶ 21–22. This Court

found that Plaintiff had standing precisely because Plaintiff showed an *ongoing* injury as a result of his *continued* financial inability to reenroll at UCF without his scholarship eligibility. ECF No. 60 at 13, 16, 18, 20–21, 31–32. Plaintiff's current financial resources are as relevant as—and perhaps more relevant than—his resources at the time UCF cancelled his scholarship. Only information about Plaintiff's current financial resources can refute his claim that he would apply for readmission immediately upon restoration of his scholarship, but in the meantime is unable to pursue his education. *See* ECF No. 47 at 6; ECF No. 47-1 ¶¶ 21–22.

While this Court found that Plaintiff's alleged inability to continue his education without a scholarship was sufficient to confer standing at the pleading stage, Plaintiff will be required to prove his injury "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element [of Article III standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof . . . ."). Mere allegations will not suffice after the pleading stage, and UCF is entitled to meet Plaintiff's evidence.

Evidence of Plaintiff's financial resources is necessary to test whether Plaintiff in fact suffers "continuing, present adverse effects" of the cancellation of his scholarship, ECF No. 60 at 13, or whether Plaintiff's professed financial hardship and intent to apply for readmission to UCF are pretextual. There is ample reason to doubt Plaintiff's claims in both respects. The documents that Plaintiff has produced to date show that Plaintiff's YouTube channel produced approximately $4,800 in revenue over his final 85 days as a

student at UCF. *See* Ex. C at 7–8. Extrapolated over 365 days, his annual income would be more than $20,500—almost exactly the value of his scholarship ($21,488). *See* ECF No. 60 at 3. The same documents also reveal that the popularity of Plaintiff's YouTube channel has increased more than six-fold since Plaintiff left UCF one year ago. Then, Plaintiff's YouTube channel had little more than 110,000 subscribers. *See* Ex. D at 4–6. Now, it boasts almost 700,000.[2] These facts strongly suggest that the revenue currently generated by Plaintiff's YouTube channel far exceeds the value of his canceled scholarship. This alone would refute Plaintiff's claim that UCF's cancellation of his scholarship forced him to leave UCF and now prevents his readmission. Further, according to news reports published in August 2017, Plaintiff has signed a contract with Whistle Sports—a sports media company that "has more than 375 million followers across social media" and "has raised $80.5 million in funding from sports greats Peyton Manning and Derek Jeter, as well as Tengelmann Ventures, NBC Sports Ventures, Emil Capital Partners and Sky"—and "will be working with other Whistle Sports creators, including on an upcoming social media ad campaign for a major fast food brand, as well as doing some videos for the Canadian Football League."[3] And a video posted on Plaintiff's YouTube channel entitled "Surprising My Girlfriend With Her DREAM Birthday Vacation! ($10,000)" chronicles his recent South Beach vacation and renders suspect the truthfulness of his claim that cancellation of his scholarship prevents Plaintiff from

---

[2] *See* Deestroying, YouTube (last visited July 21, 2018), https://www.youtube.com/channel/UC4mLlRa_dezwvytudo9s1sw.

[3] Michelle Castillo, *Forced to Choose Between Football and YouTube Career, College Player Picks YouTube*, CNBC (Aug. 18, 2017, 12:57 PM), https://www.cnbc.com/2017/08/18/ex-college-football-player-donald-de-la-haye-signs-with-whistle-sports.html.

pursuing his education, and that Plaintiff would seek readmission to UCF "immediately," if only he could.[4] ECF No. 47-1 ¶ 22

The requested discovery is relevant to Plaintiff's standing, and to the veracity of representations made to this Court.

**WHEREFORE**, UCF respectfully requests an Order from this Court overruling Plaintiff's objections to UCF's Requests and compelling Plaintiff to produce responsive documents.

Respectfully submitted this twenty-fifth day of July, 2018.

*/s/ Richard E. Mitchell*
RICHARD E. MITCHELL, ESQ.
Lead Trial Counsel
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
ANDRE V. BARDOS, ESQ.
Florida Bar No.: 822671
andy.bardos@gray-robinson.com
JASON A. ZIMMERMAN, ESQ.
Florida Bar No.: 104392
jason.zimmerman@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068 (32802-3068)
Orlando, Florida 32801
(407) 843-8880 Telephone
(407) 244-5690 Facsimile
*Counsel for Defendants*

---

[4] Deestroying, *Surprising My Girlfriend With Her DREAM Birthday Vacation! ($10,000)*, YouTube (June 27, 2018), https://www.youtube.com/watch?v=fNtbcOeRLfs.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 3.01(g), the undersigned counsel for Defendants conferred in good faith with counsel for Plaintiff, who opposes the relief requested in this Motion.

*/s/ Richard E. Mitchell*
Richard E. Mitchell, Esq.
GrayRobinson, P.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this twenty-fifth day of July, 2018, I electronically filed the foregoing with the Clerk of the Court via CM/ECF, which will send a notice of electronic filing to all registered users.

*/s/ Richard E. Mitchell*
Richard E. Mitchell, Esq.
GrayRobinson, P.A.